UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:91-Cr-44-T-15C

HERBERT LEE CHRISTOPHER, JR.
_____/

**O R D E R**

THIS CAUSE comes on for consideration of Defendant's Motion to Modify Sentence and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (D-326).

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided this Amendment should be applied retroactively. Defendant seeks a reduction in sentence based on Amendment 750.

A review of the May 15, 2012 memorandum of the United States Probation Office reflects that the motion should be DENIED.

Title 18, section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce

the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

At the time of sentencing, Defendant's base offense level was 36. He received a two-level enhancement for possessing a firearm during the commission of the offense. Thus, his total offense level was 38 with a criminal history category VI. Prior to trial, the Government filed an information requesting enhancement of Defendant's statutory penalty based on his prior convictions. As a result, Defendant was subject to a statutory minimum mandatory term of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A). Under the guidelines, his range

became life.  U.S.S.G. § 5G1.1(c)(2).  The Court sentenced Defendant to life imprisonment, as required by statute.

The commentary to U.S.S.G. § 1B1.10 specifically provides that a reduction under 18 U.S.C. § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range because of operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. 1B1.10 (Application Note 1(A)).  As the Court sentenced Defendant to the statutory mandatory minimum sentence, a reduction of Defendant's sentence is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG § 1B1.10.  See United States v. Mills, 613 F.3d 1070 (11th Cir. 2010) (retroactive amendments to crack cocaine guidelines are inapplicable to defendants whose sentences were based on statutory mandatory minimum).

Furthermore, Defendant is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to power cocaine ratio from 100:1 to approximately 18:1. Significantly, the FSA is not retroactive.  United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011).  Defendant committed the offenses 13 years before the effective date of the FSA.  The Court sentenced him

in accordance with the penalties in place at the time he committed the offenses.

It is therefore ORDERED and ADJUDGED that:

1) Defendant's Motion to Modify Sentence and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (D-326) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 24th day of May, 2012.

*[signature]*
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE